**Althea TEDFORD, et al., Plaintiffs,**

v.

**MASSACHUSETTS HOUSING FINANCE AGENCY, et al., Defendants.**

**Civ. A. No. 81–1904–MC.**

United States District Court,
D. Massachusetts.

Sept. 14, 1981.

Deborah L. McCutcheon, Paul Collier, East Boston, Mass., for plaintiffs.

George V. Anastas, Brian Hurley, Rackemann, Sawyer & Brewster, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on plaintiffs' opposition to defendants' petition for removal. Since the action has been removed by the defendants, plaintiffs' opposition is treated as a motion seeking remand. Plaintiffs are putative class representatives of residents of an apartment complex in East Boston, Massachusetts, known as Landfall West. Construction of that complex was financed, at least in part, by the Massachusetts Housing Finance Agency (MHFA). The developers also receive reductions of mortgage interest rates made available under § 236 of the National Housing Act, 12 U.S.C. § 1715z–1.

Defendants are the MHFA, its Executive Director and its Chief of Operations; the chairman and members of its Board of Directors; William Langelier and Paul Donahue, partners in the limited partnership which owns the complex; Weston Associates, which until November, 1979, managed the complex; Peabody Properties, Inc., which has managed the complex since early 1980, and Philip Roderick, its president.

The complaint alleges that in the spring of 1978, defendant Donahue brought suit in this court, *Donahue et al. v. Mass. Housing Finance Agency*, C.A. No. 78–882–MC,

alleging that the MHFA unfairly deprived the owners of necessary rent increases. Damages and injunctive relief were sought. Since that time, MHFA and Donahue have attempted to settle the dispute. In November, 1980, according to the complaint, the MHFA Board of Directors approved an agreement, allegedly conditioned on Donahue's dismissal of his suit against the MHFA, to remedy the financial problems of Landfall West. The present plaintiffs contend that this agreement is the cause of an increase in their rents which was authorized on September 1, 1981 by the MHFA Board of Directors.

Plaintiffs further allege that the defendants would not allow the tenants of the complex to participate in the negotiations leading to the agreement, would not give information to the tenants, and refused to require or to produce an accounting of the use of the rents collected from the tenants.

Two of the counts in the nine-count complaint are arguably based on federal law. In Count I, the plaintiffs assert that the defendants' actions in approving the November, 1980 agreement violated the National Housing Act and regulations promulgated at 24 C.F.R. § 401 *et seq.* Count IX alleges that the defendants conspired to violate plaintiffs' civil rights in violation of 42 U.S.C. § 1983.

The remaining counts charge violations of various state statutes. Count II alleges that MHFA had a duty to promulgate regulations relating to financing, construction, and operation of MHFA projects, and violated that duty by failing to do so. Counts III and IV charge violations of MHFA's Enabling Act, M.G.L. c. 23A App., § 1–1 *et seq.* by its actions in approving the November, 1980 agreement. Count V asserts a violation of the Regulatory Agreement between MHFA and the owners. The remaining counts set forth claimed violations of various statutes: the Massachusetts Conflict of Interest Law, M.G.L. c. 268A § 1 *et seq.* (Count VI); the Massachusetts Open Meeting Law, M.G.L. c. 30A; and the Massachusetts Freedom of Information Act, M.G.L. c. 4 § 7(26) and c. 66 § 10 (Count VIII).

■ In order for this court to exercise jurisdiction over *all* of the plaintiffs' claims, there must be a substantial federal claim and the state and federal claims must derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Even when those two requirements are met, the court still has discretion whether to exercise pendent jurisdiction over the state law claims. *Id.*, at 726, 86 S.Ct. at 1139.

■ The plaintiffs' two federal claims meet the substantiality requirement. That requirement is not the same as the standard which applies in determining a suit on its merits. Only where previous decisions inescapably render the plaintiff's claim frivolous does a claim fail to meet the substantiality requirement. *See Baxter v. Minter*, 378 F.Supp. 1213, 1216 (1974), citing *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In the instant case, the plaintiffs' claims are not frivolous or obviously unsound.

■ Since there are substantial federal questions, this court may exercise jurisdiction over pendent state claims if the state and federal claims arise out of a common nucleus of operative facts. Here, all of the theories of liability are based upon events leading up to and culminating in the vote taken by the MHFA Board of Directors in November of 1980 approving the agreement reached between defendant Donahue and the MHFA.

As noted above, the entire case may be kept here in the exercise of sound discretion. This, of course, requires consideration of possible abstention. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, the Supreme Court set forth the three categories of cases to which the doctrine of abstention had been applied:

(1) in cases presenting a federal constitutional issue which could be made moot by a state court determination of pertinent state law, *see, e. g., Railroad*

*Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941);

(2) in cases presenting "difficult questions of state law bearing on policy problems of substantial public impact". *See e. g., Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943);

(3) in cases in which federal jurisdiction is invoked for the purpose of restraining state criminal proceedings. *See, e. g., Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

 The second category is urged on us by plaintiffs who argue that a complex state statutory scheme is involved in this dispute since the MHFA Enabling Act is lengthy and far from simple. Abstention, they say, is appropriate because that scheme is administered by a specialized agency, and a specialized state court is utilized to resolve the problems arising out of its enforcement. Such a setup, they argue, could be disrupted unnecessarily by the intervention of a federal court. *See Burford v. Sun Oil Co., supra; Alabama Public Service Commission v. Southern Railway Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951); *Allstate Insurance Co. v. Sabbagh,* 603 F.2d 228 (1st Cir. 1979).

In *Allstate Insurance Co. v. Sabbagh, supra,* the Court of Appeals for the First Circuit, in addition to the factor of the existence of a complex state regulatory scheme, considered that it was "dealing with an area of intensely local interest, and the state has indicated the importance it places on coherency of policy by concentrating review of all regulatory decisions in one court." *Id.,* at 233.

Those factors are not present in this case. A decision by this court will not disrupt a complex state regulatory scheme. The MHFA Enabling Act, though quite lengthy, is not too complex for purposes of resolving this dispute, and a decision by this court will not interfere with the functions of the agency. Review of MHFA decisions has not been centralized in one court with particular expertise in this area. Plaintiffs

contend that the Boston Housing Court possesses particular expertise in this area and that it was entrusted by the legislature with exclusive jurisdiction over all housing matters. Such is not the case. While the Housing Court admirably performs a most valuable service in resolving issues relating to housing, it was not established as the sole court to hear all cases which in any way involve housing issues. It is not a court of such specialized expertise as would mandate abstention in this case.

I will decline, therefore, to remand this action to the state court. In so doing, I am aware of and have considered the factors of judicial economy, avoidance of piecemeal litigation, and comity. I rule, after weighing these factors and those previously discussed, that this court should exercise jurisdiction over all plaintiffs' claims.

Motion to remand denied.